UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TINGIA D. WHEELER,

     Plaintiff,

    v.                                Case No. 15-CV-95

CAPTAIN CYNTHIA RADTKE, BRET MIERZEJEWSKI,
WILLIAM POLLARD, and WARDEN GARY BOUGHTON,

     Defendants.

## DECISION AND ORDER

The pro se plaintiff, Tingia D. Wheeler, is a Wisconsin state prisoner. He filed a second amended complaint (Dkt. No. 25) alleging that: (1) defendants Radtke and Mierzejewski issued him a retaliatory conduct report; (2) defendants Radtke and Mierzejewski interfered with his mail in violation of the First Amendment; (3) defendants Radtke and Mierzejewski suppressed evidence favorable to him during two disciplinary hearings on conduct reports, in violation of the Due Process Clause of the Fourteenth Amendment; and that he was issued a retaliatory transfer to the Wisconsin Secure Program Facility for filing this lawsuit. The parties have filed several motions, which I will address in this order.[1]

### Plaintiff's Motion for Summary Judgment

On August 13, 2015, plaintiff filed a motion for summary judgment (Dkt. No. 27). Defendants subsequently filed a motion to stay briefing on the motion for summary

---

[1] I will address defendants' motion to dismiss plaintiff's due process and retaliatory conduct report claims in a subsequent order.

judgment (Dkt. No. 36). However, on November 19, 2015, plaintiff filed a letter requesting to withdraw his summary judgment motion (Dkt. No. 69). I will grant plaintiff's request to withdraw the motion, and deny as moot defendants' motion to stay briefing.

## Discovery-Related Motions

A.    Plaintiff's Motion to Compel

On August 17, 2015, plaintiff filed a motion to compel discovery (Docket No. 32). He states that defendants did not respond to his July 14, 2015, discovery request. In response, defendants contend that I should deny the motion because plaintiff has not certified that he attempted to confer with them before filing his motion to compel, as required. See Fed. R. Civ. P. 37(a)(1); Civil L.R. 37 (E.D. Wis.). Defendants also contend that I should deny plaintiff's motion because they timely responded to the discovery requests. Because defendants timely responded to plaintiff's discovery, see Docket No. 42 (Bresette Decl. ¶ 4, Ex. C), and because plaintiff failed to comply with the applicable procedural rules, I will deny his motion to compel.

B.    Defendants' Motion for Protective Order and Motion to Seal

On September 4, 2015, defendants filed a motion for a protective order (Docket No. 37) in which they request that plaintiff be prevented from using discovery to learn information prison officials kept from him for security reasons. Specifically, they ask that plaintiff be prevented from seeing the letters that formed the basis of Conduct Report 2481117, and from learning the identities of the recipients of those letters. Defendants filed a separate motion requesting that Exhibit B from the Declaration of Cynthia Radtke, the letters that are the subject of the requested protective order, be filed under seal and ex parte for in camera review (Docket No. 40). Defendants contend that the proposed

discovery is outside the scope of Federal Rule of Civil Procedure 26(b)(1) in that it creates a burden that outweighs any benefit.

The court must limit the frequency or extent of discovery if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). See Fed. R. Civ. P. 26(b)(2)(C)(iii). The scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Plaintiff received Conduct Report 2481117, charging him with threats, in violation of Wis. Admin. Code § DOC 303.76, based on his efforts to identify and harm confidential informants who provided information regarding plaintiff's alleged gang activities. (See Dkt. No. 38 at 4-6.) Allowing plaintiff to learn "the names of each recipient of a letter from the plaintiff that makes up the body of conduct report #2481117" could place an unnecessary burden on prison security and could place the letter recipients in danger. (Dkt. No. 38 at 6.) Moreover, a protective order will not harm plaintiff because he already has a copy of Conduct Report 2481117, which describes the content of the letters that resulted in the issuance of the conduct report. (See Dkt. No. 10 at 6-9.) Accordingly, I will also grant defendants' motion to submit documents ex parte and under seal.

C.  Plaintiff's Motion to Produce Name of Witness

On September 10, 2015, plaintiff filed a motion pursuant to Roviaro v. United States, 353 U.S. 53 (1957), in which he requests that the court disclose the identity of a confidential informant (Docket No. 45). Plaintiff asserts that he needs the name of an informant/witness known as "Will" for a fair determination of his case.

Defendants oppose the motion. According to the defendants, the government's interest in preserving the confidentiality of the informant is greater than any legitimate interest plaintiff may have in learning his identity. See Mendoza v. Miller, 779 F.2d 1287, 1294 (7th Cir. 1985). Defendants also assert that plaintiff will not be prejudiced in this litigation by not knowing the identity of the confidential informants because his complaint fails to state a due process claim related to Conduct Report 2303800. Also, defendants cite to plaintiff's failure to explain why "Will's" identity is important for a fair determination, or how having the identity will help him prove that defendants withheld exculpatory evidence.

At this point, I will not require the defendants to identify the confidential witness. Allowing plaintiff to learn the identity of a confidential informant could result in physical harm to the confidential informant and could compromise prison security.

D.     Plaintiff's Motion to Waive Privilege of Deposition

Plaintiff has filed a motion in which he requests that "counsel waive the privilege of the deposition in Prude v. Pollard, 2014 U.S. Dist. Lexis 89991 (W.D. Wis.) or the court order such deposition be released to plaintiff." (Dkt. No. 57 at 1). It is not clear what the plaintiff is asking for. It seems that he is asking to be allowed to obtain a copy of a deposition that was taken in the Prude case. However, as far as the record reveals, the plaintiff does not need this court's permission to obtain that deposition. In any event, I am

4

Case 2:15-cv-00095-LA   Filed 01/13/16   Page 4 of 7   Document 81

unaware of any rule of law that would allow me to compel another federal court to grant the plaintiff access to a deposition taken under the authority of that court. For this reason, I will deny the plaintiff's motion.

## Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel (Docket Nos. 34, 61). In the first motion, he contends that his case has merit, that he has difficulty investigating the facts because defendants claim he is attempting to gain knowledge of privileged information, that conflicting evidence will make it difficult for him to try the case on his own, and that he cannot obtain all of the discovery he needs without an attorney. In plaintiff's second motion to appoint counsel, he states that he needs an attorney due to the long-term effects of administrative confinement. Plaintiff asserts that he has been in segregation for thirty-four consecutive months and that he is losing grip with reality.

In a civil case, the court has discretion to decide whether to recruit a lawyer for someone who cannot afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the person has to make a reasonable effort to hire private counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). After the plaintiff makes that reasonable attempt to hire counsel, the court then must decide "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). To decide that, the court looks, not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id.

5

Plaintiff has not demonstrated that he attempted to find an attorney on his own. Thus, because he has not made a reasonable attempt to find an attorney, I will deny his motion on that threshold ground. I also note that even if plaintiff had attempted to find an attorney on his own, his filings demonstrate that, considering the nature of the case, he is very capable of representing himself at this time. Notably, plaintiff filed a comprehensive motion for summary judgment on January 4, 2016. Based on the foregoing, I will deny plaintiff's motion for summary judgment.

Motion for Telephone Conference

Plaintiff has filed a motion for telephone conference. He asserts that he has identified a confidential informant who will support his due process and retaliatory conduct report claim against defendant Radtke. Plaintiff states that a telephone conference will permit defendants to cross-examine the confidential informant. Plaintiff has submitted Mr. Seward's affidavit along with his motion. Defendants may respond to these materials. However, a telephone conference is not necessary at this stage of the proceedings.

**ORDER**

**THEREFORE, IT IS ORDERED** that plaintiff's motion for summary judgment (Docket No. 27) is **WITHDRAWN** pursuant to plaintiff's request to withdraw (Docket No. 69).

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 34) is **DENIED**.

6

**IT IS FURTHER ORDERED** that defendants' motion to stay briefing on plaintiff's motion for summary judgment (Docket No. 36) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendants' motion for protective order (Docket No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to file documents ex parte and under seal (Docket No. 40) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to produce the name of the witness/informant (Docket No. 45) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's request for deposition transcript or motion for order directing release of deposition transcript (Docket No. 57) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's second motion to appoint counsel (Docket No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for telephone conference (Docket No. 75) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge